UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WILLIS JONATHON DAVID CARMACK,          Case No. 25-CV-2086 (PJS/ECW)

          Plaintiff,

v.                                                                    ORDER

CITY OF SHAKOPEE and SHAKOPEE
POLICE DEPARTMENT,

          Defendants.

---

Willis Jonathon David Carmack, plaintiff pro se.

Ashley M. Ramstad, Jason M. Hiveley, and Michael Conlin-Brandenburg,
IVERSON REUVERS, for defendants.

This matter is before the Court on the unopposed motion of defendants City of

Shakopee and Shakopee Police Department ("SPD") for judgment on the pleadings.[1]

For the reasons explained below, the motion is granted.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is assessed

under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See*

*Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  In reviewing a motion to

dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual

---

[1]Defendants filed their motion on January 26, 2026.  ECF No. 35.  Under the Local
Rules of this District, Carmack's response was due no later than February 17, 2026.  D.
Minn. L.R. 7.1(c)(2); Fed. R. Civ. P. 6(a)(1)(C).  Despite filing other materials, *see* ECF
Nos. 48–52, Carmack has not responded to defendants' motion.

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.

*York v. Wellmark, Inc.*, 965 F.3d 633, 638 (8th Cir. 2020).  Although the factual allegations

need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint

must "state a claim to relief that is plausible on its face."  *Id.* at 570.

Carmack filed this action in May 2025.  His short complaint contains the

following allegations:

> Removal of the use/services of Law Enforcement
> Plaintiff Freedom of speech violated 2 times
> Refusal to Provide Protection for Harrassment, theft and
> Fraud
>
> *    *    *
>
> 1.    Shakopee Police Department Held my civil service for
>       18 days.  Provided no protection for Harrassment.
> 2.    Retaliated by Removing Law Enforcement for a full
>       time dad & his son Tyler and allowed Harrassment to
>       continue without the Plaintiff having the
>       "opportunity" to use law Enforcement.
> 3.    Refusing Investigation for Plaintiffs and applying
>       (with prejudice) after Plaintiff "paid" for service.
> 4.    Removed 1st Amendment rights 2 separate times.

ECF No. 1 at 3–4.

These vague and conclusory allegations are insufficient to state a claim.

Carmack seems to be alleging that defendants violated his First Amendment rights by

refusing to provide police protection and by taking other types of retaliatory actions.

But Carmack does not allege that he *engaged* in any First Amendment activity, much less identify that activity.  Nor does Carmack allege any facts showing a causal connection between such (unidentified) activity and the alleged retaliatory conduct.  Other than alleging that the SPD "[h]eld [his] civil service for 18 days," Carmack likewise fails to allege any facts concerning the alleged retaliatory conduct.  For example, he does not describe when, how, or for what reason he requested law-enforcement protection, nor does he describe when, how, or by whom that request was denied.  And while Carmack seems to contend that, as a result of the alleged failure to protect him, he experienced harassment, theft, and fraud, he does not allege any facts about any of these alleged harms; indeed, he does not even identify *who* harassed him, stole from him, or defrauded him.

The Court does not doubt Carmack's sincerity, but the very few facts alleged in his complaint are not sufficient to state a viable legal claim.  For that reason, defendants' motion is granted.  Given that this action has been pending since May 2025, and given that Carmack failed to respond to defendants' motion and never sought leave to amend his complaint, the Court will dismiss this action with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendants' motion for judgment on the pleadings [ECF No. 35] is

GRANTED.

2.    This matter is DISMISSED WITH PREJUDICE AND ON THE MERITS.

3.    The March 9, 2026, hearing on defendants' motion is CANCELED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 3, 2026                    /s/ Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court